IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KATHLEEN ARNOLD | * | |
| TIMOTHY COTTEN | | |
|     Plaintiffs, | * | |
| | | |
| v. | * | CIVIL ACTION NO. DKC-10-3379 |
| | | |
| UNITED STATES BANKRUPTCY COURTS | * | |
|   SOUTHERN DIVISION | | |
|   JUDGE THOMAS A. CATLIOTA | * | |
| JUDGE ROGER W. TITUS | | |
| JUDGE BENSON EVERETT LEGG | * | |
| JUDGE ALLYSON K. DUNCAN | | |
| JUDGE PAUL NEIMEYER | * | |
| JUDGE WILLIAM B. TRAXLER | | |
| JUDGE ROBERT B. KING | * | |
|     Defendants. | | |
| | ***** | |

## **MEMORANDUM OPINION**

Plaintiffs, residents of Owings, Maryland, filed this "criminal" Complaint against United States Bankruptcy, District, and Circuit Court Judges.[1] They state they were subject to an illegal foreclosure on their property in the Circuit Court for Calvert County, Maryland and the bankruptcy case and removed cases and appeals ensued in the federal district and circuit courts. ECF No. 1. Plaintiffs provide a short version of the legal case history and complain that various federal judges: (1) went beyond the boundaries of their jurisdiction; (2) "eschewed" their duties to establish subject-matter jurisdiction over their removed cases; (3) had a financial interest in the banks involved in the litigation; (4) acted in a biased manner by refusing to hear Plaintiffs' appellate arguments; (5) failed to rule on many of Plaintiffs' motions in a timely manner or in accordance with court motion's schedules; (6) interfered with Plaintiffs' civil rights; and (7) violated provisions of the United States Criminal Code. ECF No. 1 at 3-8, 12-13 & 15. They seek no damages. Indeed, Plaintiffs do not indicate what relief they are seeking.

---

[1] Plaintiffs also seemingly invoke this Court's civil rights jurisdiction under 28 U.S.C. § 1343. ECF No. 1 at 13-14.

Plaintiffs further take issue with the "fraudulent foreclosure" of their properties; being victimized by the banks in question, CitiBank, Lehman Brothers Holdings, Inc., and Wells Fargo Bank; and with the courts' responses to complaints filed by self-represented litigants. ECF No. 1 at 9-10.

Plaintiffs have failed to submit a civil cover sheet, summonses, filing fee or indigency motion. They shall not be required to cure these deficiencies. After review of the Complaint the court shall summarily dismiss this matter. Plaintiffs' dispute with the decisions (or failures to decide) of the federal courts with regard to the removal of their cases from the Circuit Court for Calvert County and the handling and disposition of those cases in the district and circuit courts does not provide them an independent basis for filing criminal and civil rights claims.

As a general background overview, Plaintiffs filed several actions which were removed to this court from the Circuit Court for Calvert County, Maryland. *See Arnold, et al., v. CitiMortgage Inc., et al.,* Civil Action Nos. RWT-07-2617, RWT-07-2722, RWT-07-3412 & RWT-08-2197and *Arnold v. White*, Civil Action No. RWT-08-38. (D. Md.).[2] All cases were consolidated. Memoranda and Orders were issued disposing of Plaintiffs' numerous motions, granting them leave to file amended complaints, and giving them extensions of time to so do. Finally, in January of 2010, a motions hearing was held which resulted in the dismissal of the cases with and without prejudice. The United States Court of Appeals for the Fourth Circuit affirmed the decision on November 15, 2010, and the mandate was issued on December 7, 2010.

To the extent that Plaintiffs allege that the various judges have violated several provisions of Title 18, as private citizens, Plaintiffs lack a judicially cognizable interest in the prosecution or non-

---

[2] Plaintiffs sought bankruptcy protection in February of 2005. Their case was assigned to Judge Thomas J. Catliota. *See In re: Arnold*, Bankruptcy Petition No. 05-13246. The case was dismissed on February 8, 2007. An appeal was filed in this court on June 23, 2006 and dismissed on July 20, 2006. *See Arnold v. Cohen,* Civil Action No. DKC-06-1630 (D. Md.).

prosecution of Defendants for their alleged unlawful acts. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Otero v. United States Attorney General*, 832 F.2d 141 (11th Cir. 1987). That power is vested exclusively in the executive branch. Therefore, Plaintiffs' "criminal complaint" may not rest against Defendants or others.

Plaintiffs also seeks to invoke this Court's 28 U.S.C. § 1343 civil rights jurisdiction, presumably under 28 U.S.C. §1331 and *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). They have, however, failed to set out particularized claims showing how their civil rights were violated. Plaintiffs have, at best, challenged the district and circuit court disposition of their state court cases removed to this court and the subsequent appeal. Such an assertion does not provide an independent jurisdictional basis for filing suit against Defendants.

Further, notwithstanding Plaintiffs protestations to the contrary, Defendants are entitled to absolute judicial immunity for their judicial acts. The defense of absolute immunity extends to "officials whose special functions or constitutional status requires complete protection from suit." *Harlow v. Fitzgerald,* 457 U.S. 800, 807 (1982). Judges, whether presiding at the state or federal level, are clearly among those officials who are entitled to such immunity. *See Stump v. Sparkman,* 435 U.S. 349, 356-57 (1978). Because it is a benefit to the public at large, "whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences," *Pierson v. Ray,* 386 U.S. 547, 554, 8 (1967), absolute immunity is necessary so that judges can perform their functions without harassment or intimidation. "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to

himself.' " *Mireles v. Waco,* 502 U.S. 9, 10 (1991), *quoting Bradley v. Fisher,* 13 Wall. 335, 20 L.Ed. 646 (1872). Moreover, the law is well-settled that the doctrine of judicial immunity is applicable to actions filed under 42 U.S.C. § 1983. *See Stump,* 435 U.S. at 356.

In determining whether a particular judge is immune, inquiry must be made into whether the challenged action was "judicial," and whether at the time the challenged action was taken the judge had subject-matter jurisdiction. *See Stump,* 435 U.S. at 356. Unless it can be shown that a judge acted in the "clear absence of all jurisdiction," absolute immunity exists even when the alleged conduct is erroneous, malicious, or in excess of judicial authority. *Id.* at 356-57.

Plaintiffs complain about federal judges' decisions (or failure to decide), claiming that they were biased, dilatory, non-responsive, and failed to take all issues into consideration. These allegations raised against Defendants do not compel the conclusion that they acted in clear absence of their jurisdiction. Rather, Plaintiffs' lawsuit is exactly the type of action that the *Pierson* Court recognized as necessitating the doctrine of judicial immunity. In apparent disagreement with the decisions reached in other civil filings, the self-represented litigants have asserted allegations of unconstitutional acts. Because judicial immunity precludes the Plaintiffs' recovery against Defendants, *sua sponte* dismissal of Plaintiffs' claims are appropriate.

The Court finds that the instant matter is subject to dismissal. A separate order follows.

Date: January 6, 2011            /s/
                                 DEBORAH K. CHASANOW
                                 United States District Judge